

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**MARY O'FLYNN**
*Senior Counsel*
moflynn@law.nyc.gov
Phone:  (212) 356-2352

February 19, 2026

**By ECF**
District Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Baimadajie Angwang  v USA  et. al.,* 26-CV-00478(JPC)

Your Honor:

I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. I write on behalf of Defendant City of New York to respectfully request a sixty day enlargement of time until April 20, 2026 to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this request.

Plaintiff, a former member of the NYPD, alleges inter alia, that he was falsely arrested following a federal investigation and warrant initiated by the FBI. He further claims he was held at MDC for approximately five months and prosecuted until January 19, 2023 when the charges were dismissed. He also purports to bring several claims of racial discrimination against the City defendants and alleges he was unlawfully terminated from the NYPD.

The enlargement of time is necessary for several reasons. As a threshold matter, due to various claims asserted in the complaint our office is still determining which division is best suited to handle the case. Moreover, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will need time to investigate the allegations set forth in the complaint. Specifically, we will need several releases including an unsealing release, in order to obtain any of the underlying arrest and court records as well as an employment release to obtain any of the underlying employment files.  Once the unsealing releases are received it will take some time to request, obtain and review the records.

Furthermore, the docket reflects that one of the individual Police Officers has been served. Without making any representations with respect to the sufficiency of service, the enlargement of time will allow this office to determine if service was proper. It will also permit this office time to resolve representation of the individually named officers should they seek our representation. Pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of those facts, this office must determine whether we may represent the individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). The City also therefore respectfully requests the Court sua sponte extend the time for the individually named Police Officers to respond to the complaint until April 20, 2026.

Accordingly, the City of New York respectfully requests that the deadline to answer or otherwise respond to the complaint for the City and the individually named Officers be extended until April 20, 2026.

Thank you for your consideration of this request.

Respectfully submitted,

/s/*Mary O'Flynn*
Senior Counsel
Special Federal Litigation Division

cc: All counsel by ECF

The instant consented-to request is granted. The deadline for all Defendants to answer or otherwise respond to the Complaint is now April 20, 2026. The Clerk of Court is respectfully directed to close Docket Number 8.

SO ORDERED.
Date: February 20, 2026
New York, New York

JOHN P. CRONAN
United States District Judge